LAWRENCE M. HADLEY - State Bar No. 157,728
lhadley@glaserweil.com
STEPHEN E. UNDERWOOD - State Bar No. 320,303
sunderwood@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

LAWRENCE R. LAPORTE – State Bar No. 130,003
Lawrence.LaPorte@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff
Core Optical Technologies, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>ACACIA COMMUNICATIONS, INC.<br><br>            Defendant. | CASE NO:<br><br>**NOTICE OF RELATED CASES UNDER LOCAL RULE 83-1.3.1**<br><br>**JURY TRIAL DEMANDED** |

:

Plaintiff Core Optical Technologies, LLC ("Plaintiff" or "Core"), through its undersigned counsel, hereby files this Notice of Related Cases ("Notice") pursuant to Local Rule 83-1.3.1, to notify the Court of all known cases in this district that are related to Core's current Complaint for patent infringement against Acacia Communications, Inc. ("Acacia").

## I.   LIST OF RELATED CASES

### A.   Pending Cases

The following cases currently pending in this district relate to Core's Complaint against Acacia, for the reasons set forth in Section II *infra*:

1. *Core Optical Technologies, LLC v. Cisco Systems, Inc.*, C.D. Cal. Case No. 20-cv-1468-JAK-RAO (most closely-related case):

   **District Judge:** John A. Kronstadt

   **Magistrate Judge:** Rozella A. Oliver

   **Filed:** August 7, 2020

   **Status:** Pending

2. *Core Optical Technologies, LLC v. ADVA Optical Networking SE et al.*, C.D. Cal. Case No. 20-cv-1463-JAK-RAO:

   **District Judge:** John A. Kronstadt

   **Magistrate Judge:** Rozella A. Oliver

   **Filed:** August 6, 2020

   **Status:** Pending

3. *Core Optical Technologies, LLC v. Nokia Corp. et al.*, C.D. Cal. Case No. 8:19-cv-02190-JAK-RAO:

   **District Judge:** John A. Kronstadt

   **Magistrate Judge:** Rozella A. Oliver

   **Filed:** November 12, 2019

   **Status:** Pending

4. *Core Optical Technologies, LLC v. Comcast Corp. et al.*, C.D. Cal. Case

No. 8:21-cv-00046-JAK-RAO:

    **District Judge:** John A. Kronstadt

    **Magistrate Judge:** Rozella A. Oliver

    **Filed:** January 11, 2011

    **Status:** Pending; stayed until April 30, 2022

5. *Core Optical Technologies, LLC v. Amazon.com, Inc. et al.*, C.D. Cal. Case No. 8:21-cv-00049-JAK-RAO:

    **District Judge:** John A. Kronstadt

    **Magistrate Judge:** Rozella A. Oliver

    **Filed:** January 11, 2011

    **Status:** Pending; stayed until March 30, 2022

6. *Core Optical Technologies, LLC v. Charter Communications, Inc.*, C.D. Cal. Case No. 21-cv-00789-MCS-RAO

    **District Judge:** Mark C. Scarsi

    **Magistrate Judge:** Rozella A. Oliver

    **Filed:** April 27, 2021

    **Status:** Pending; stayed until May 31, 2022

**B.**     **Completed Cases**

The following cases that have been completed in this district relate to Core's Complaint against Acacia, in that they involved the same '211 patent:

7. *Core Optical Technologies, LLC v. Ciena Corporation*, C.D. Cal. Case No. 12-cv-01872-AG-JPR:

    **District Judge:** Andrew J. Guilford

    **Magistrate Judge:** Jean P. Rosenbluth

    **Filed**: October 29, 2012

    **Terminated**: November 5, 2014

    **Nature of termination:** Settlement (*see* Dkt. No. 108)

8. *Core Optical Technologies, LLC v. Fujitsu Network Communications,*

*Inc.*, C.D. Cal. Case No. 16-cv-00437-AG-JPR:

    **District Judge:** Andrew J. Guilford

    **Magistrate Judge:** Jean P. Rosenbluth

    **Filed:** March 7, 2016

    **Terminated:** November 17, 2017

    **Nature of termination:** Settlement (*see* Dkt. No. 114)

    9.   *Core Optical Technologies, LLC v. Infinera Corp.*, C.D. Cal. Case No. 17-cv-00548-AG-JPR:

    **District Judge:** Andrew J. Guilford

    **Magistrate Judge:** Jean P. Rosenbluth

    **Filed:** March 24, 2017

    **Terminated:** September 13, 2019

    **Nature of termination:** Settlement (*see* Dkt. No. 133)

## II.   WHY THE CASES ARE RELATED

Core's current Complaint for patent infringement against Acacia is related to the pending cases identified in Section I.A—particularly the *Cisco, ADVA, Amazon,* and *Charter*[1] cases—for the following reasons:

In the *Cisco* case (Case No. 20-cv-1468) and the *ADVA* case (Case No. 20-cv-1463), Core asserts that Cisco and ADVA have directly and/or indirectly infringed certain method claims of Core's U.S. Pat. No. 6,782,211 ("the '211 patent") by selling, offering for sale, importing and/or using certain Accused Instrumentalities in the United States. *See Cisco,* Dkt. 36, ¶¶ 19-20 (Core's Second Amended Complaint against Cisco, identifying the Accused Cisco Instrumentalities); *ADVA*, Dkt. 1, ¶ 21

---

[1] The *Nokia* and *Comcast* (Nokia customer) cases are somewhat different, because Nokia does not use Acacia components to perform the "XPIC" function recited in certain claim limitations of the patent-in-suit. Instead, Nokia uses in-house components. However, the *Nokia* and *Comcast* cases still have substantial factual and legal overlap with this case, in that both will involve the same issues of claim construction, invalidity, and other affirmative defenses (including ownership).

(Core's Complaint against ADVA, identifying the Accused ADVA Instrumentalities).

During discovery in the *Cisco* and *ADVA* cases, Core learned that the Cisco and ADVA components that perform the "cross polarization interference cancellation" ("XPIC") functionality, which is recited in the asserted '211 patent claims, are manufactured and supplied by Acacia. In fact, Cisco and ADVA claim that they do not know how these components of their own products work, because they are supplied by Acacia as a "black box." Thus, Acacia is the supplier of the components—including the CFP-DCO, CFP2-DCO, OSFP, QSFP-DD, DSP ASIC, Silicon PIC, AC100, AC200, AC400, and AC1200 components (*see Acacia* Complaint, ¶ 14)—that perform the claimed "XPIC" functionality in Cisco and ADVA's Accused Instrumentalities.

Meanwhile, Core's complaints against Cisco and ADVA only assert infringement of method claims. Generally, a method claim is infringed when all the steps of the claimed method are performed. *Schumer v. Laboratory Computer Systems, Inc.*, 308 F.3d 1304, 1309 n.3 (Fed. Cir. 2002). In the *Cisco* and *ADVA* cases, Cisco and ADVA assert that their liability for direct infringement is *de minimis*, because all they do is *sell* the Accused Instrumentalities, which (according to them) does not constitute direct infringement of the method claims. Cisco and ADVA assert that the entities who commit direct infringement on a commercial scale (if any) are their customers, who use the Accused Instrumentalities within the United States.

To address this, Core filed the *Charter* and *Amazon* cases. In the *Charter* case, Core sued several of Cisco's largest customers for the Accused Instrumentalities, and in the *Amazon* case, Core sued several of ADVA's largest customers. The purpose of this was to ensure that some entity would be held liable for direct infringement— either Cisco/ADVA, or their customers.

However, the customer cases still do not ensure that Core will be fully compensated for the scope of the infringement. For one, it is impractical for Core to name every single Cisco and ADVA customer in a lawsuit. For another, Core has

learned that Acacia likely supplied components performing the claimed "XPIC" functionality to companies other than Cisco and ADVA during the relevant time period. On information and belief, Acacia extensively tested each such component (or a significant sample thereof) in the United States prior to shipping them to customers. That testing constituted "use" of the accused products in the United States. Thus, Acacia is liable for direct infringement, both for its use of Accused Instrumentalities sold to Cisco and ADVA, and for its use of Accused Instrumentalities sold to other, non-licensed companies. To ensure that someone is held liable for the full scope of the direct infringement, Core is bringing this case against Acacia.

Additionally, as set forth in the *Acacia* Complaint at Paragraphs 39-48, there is clear evidence that Acacia knew of the '211 patent, and knew that its products were infringing that patent, during the relevant time period. Accordingly, because Acacia had the required mental state (knowledge)—and because it actively induced its customers to practice the asserted methods (*id.*, ¶¶ 31-38), and supplied components especially adapted to be used to practice those methods (*id.*, ¶¶ 51-59)—Acacia is also liable for indirect infringement of the Asserted Claims.

To ensure that Core is fully compensated for the scope of this infringement, Core brought the instant suit against Acacia. Core is not seeking double recovery from Acacia, the manufacturer defendants (ADVA and Cisco), or the Customer Defendants (e.g., Charter and Amazon). Rather, Core is seeking a single, full recovery for the broad scope of infringement of its pioneering, industry-critical patent.

Under Local Rule 83-1.3.1(a), Core's current allegations against Acacia "arise from the same or a closely related transaction, happening, or event" as Core's allegations against Cisco, ADVA, and the Customer Defendants (Charter, Amazon, etc.). Acacia supplies the components that perform the recited "XPIC" function in Cisco and ADVA's fiberoptic communication systems. Cisco and ADVA incorporate the Acacia components into their fiberoptic communication systems, and sell them to the Customer Defendants. The Customer Defendants then use the fiberoptic

communications systems, including the Acacia components, in an infringing manner in the U.S.. Thus, Core's claims in these cases all arise out of Acacia's sales of the "XPIC" components to ADVA and Cisco (or others). In all cases, infringement will likely turn on the technical details of the Acacia components, because those are the components that perform the "XPIC" function that is central to all Asserted Claims.

Under Local Rule 83-1.3.1(b), Core's complaint against Acacia, and its complaints against ADVA, Cisco, Charter, and Amazon, all "call for determination of the same or substantially related or similar questions of law and fact." As to infringement, all cases will involve a determination of whether the Acacia "XPIC" components, when used in fiberoptic systems, satisfy the "XPIC" and related limitations of the asserted claims. Indeed, on information and belief, all cases will present the same, or nearly the same, fact questions on infringement, because all or nearly all of the components of Cisco's/ADVA's fiberoptic systems that perform the claimed functions are present in the Acacia-supplied components. Additionally, all cases will involve the same issues of validity and claim construction. Finally, Acacia is a wholly-owned subsidiary of Cisco. Thus, Acacia will almost certainly be represented by Cisco's current counsel (Winston & Strawn), and will almost certainly present the same invalidity and claim construction positions as Cisco.

Under Local Rule 83-1.3.1(c), if Core's current complaint were heard by a different judge than the *Cisco, ADVA,* and *Amazon* cases, there would be "substantial duplication of labor." This would include, at least: (i) two different judges being required to construe the claims of the '211 patent; (ii) two different judges being required to determine whether the Acacia-supplied components satisfy the "XPIC" and related limitations of the asserted claims; and (iii) two different judges being required to evaluate Defendants' invalidity positions and other affirmative defenses.

Because all three factors of Local Rule 83-1.3.1 are present, Core respectfully submits that this case should be deemed a related case to the six cases listed in Section I.A above. Five of those cases are assigned to Judge Kronstadt, while one of

them—the *Charter* case—was assigned to Judge Scarsi, because Judge Kronstadt had a conflict of interest. However, the *Charter* case is currently stayed until May 31, 2022, pending resolution of the underlying case against Cisco. *See* Case No. 21-cv-00789, Dkt. 33. Accordingly, because Judge Kronstadt is presiding over all of the active, non-stayed cases (including *ADVA* and *Cisco*)—and because Core intends to actively pursue its case against Acacia immediately, without delay—Core respectfully submits that judicial economy would be best served by assigning this Acacia case to Judge Kronstadt, who will then be presiding over all active cases.

DATED:  September 8, 2021

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP

By:  */s/Lawrence M. Hadley*
        LAWRENCE M. HADLEY
        STEPHEN E. UNDERWOOD

LAWRENCE R. LAPORTE,
LEWIS BRISBOIS BISGAARD & SMITH LLP

Attorneys for Plaintiff
Core Optical Technologies, LLC